**DOLORES ADALLA GARCIA, also known as LOLA GARCIA,**

v.

**AGNES THOMAS, Appellant**

No. 17555

United States Court of Appeals

Third Circuit

Argued January 27, 1970

Decided March 23, 1970

GEORGE H. T. DUDLEY, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

ALEXANDER A. FARRELLY, ESQ. (BIRCH, MADURO, DE-JONGH & FARRELLY), Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before HASTIE, *Chief Judge*, and STALEY and GANEY, *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

This is an equitable proceeding by an elderly blind spinster of more than 80 years against a woman who had lived and worked in her home for a substantial period as the sole servant and helper of the plaintiff and her elderly sister, now deceased. The relief sought and granted in the trial court, sitting without a jury, was the setting aside of both a duly executed deed under which the plaintiff gave the defendant a parcel of land and a second document, signed by both of the present parties, concerning shared ownership of a building that had been constructed on the land in question with money supplied by the plaintiff. The court also ordered the defendant to repay a sum of money given to her by the plaintiff.

The court found that each of the questioned transactions was the result of "undue influence", but did not specify whose influence or how exercised. Moreover, there is nothing in the record to show that the plaintiff had been coerced, importuned or even urged by anyone to confer the questioned benefits upon the defendant. Rather, the plaintiff insisted and testified that she, in her blindness, was never made aware of the nature or effect of the instruments she executed. Her contention is that she was led to believe that the instruments were papers having to do with immigration and the status of the defendant as an alien.

Only the elderly and infirm plaintiff's own rambling and difficult to elicit testimony supported her version of what occurred. Neither side called one of the two signatory witnesses to the deed. The other signatory witness was the plaintiff's own attorney who testified that he drafted the

deed at the plaintiff's request and the second document at the request of both plaintiff and defendant. Moreover, he testified that he had read and explained both documents to the plaintiff immediately before she signed them and that she understood what they were.

Most of the trial court's findings, like that of "undue influence", are general and conclusory. They fail to convey an adequate picture of the questioned transactions. Moreover, on the entire record, we think the age, condition and testimony of the plaintiff raise a question that should be resolved whether she had the capacity at the time of the transactions in suit to make meaningful and valid transfers of her property, quite apart from any issue of fraud or undue influence. The trial court seems not to have considered this question.

We also are concerned that the decision of the district court made upon an unsatisfactory record, may well reflect unfavorably upon the attorney who drafted the questioned documents.

In these circumstances, we think that fairness to all concerned requires that there be a new trial of this case at which, in addition to reexamining the issues contested at the first trial, the court will consider and decide the capacity of the plaintiff to make valid transfers of property at the times in question.

The judgment will be vacated and the cause remanded for a new trial.